UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BELLEVUE,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK, et al.,

                    Defendants.

24-CV-9777 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated on Rikers Island, brings this *pro se* action under

42 U.S.C. § 1983, alleging that Defendants arrested him "on a cancelled perp Icard [sic] . . .

[and] illegally indicted me." (ECF 1, at 5.) The events giving rise to these claims occurred in

Brooklyn, Kings County, New York. Named as Defendants are the City of New York; Kings

County Detective Alan Peratovic; Kings County Judges Adam Perlmutter, Dereyster Daniels, and

Matthew Sciarno; Kings County Assistant District Attorney Carly Muth; and criminal defense

lawyers Salaway Forrest and Darren Stern. For the following reasons, this action is transferred to

the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff names as a defendant the City of New York, which resides in both this district and the Eastern District of New York. Because he does not plead the residence of all the defendants, however, it is unclear whether venue is proper under Section 1391(b)(1) in either district. It is clear, however, that venue is proper in the Eastern District of New York because Plaintiff asserts that the alleged events giving rise to his claims occurred in Kings County, which falls within the Eastern District. *See* 28 U.S.C. § 112.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Kings County, where Plaintiff's criminal proceedings are pending. It is therefore reasonable to expect that all relevant documents and witnesses also would be found in

Kings County. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court directs the Clerk of Court to terminate the application for the court to request *pro bono* counsel. (ECF 6.) The Court leaves a decision on this application to the transferee court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     January 6, 2025
              New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

3