UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL BELLEVUE,

           Plaintiff,

           v.

THE CITY OF NEW YORK, ADAM PERLMUTTER, DANIEL D. STERN, MITCHELL F. SALAWAY, CLAUDIA DANIELS-DEPEYSTER, CARLY MUTH, ALAN PERATOVIC, MATTHEW SCIARRINO,

           Defendants.

**MEMORANDUM & ORDER**
25-CV-00292 (HG) (MMH)

**HECTOR GONZALEZ**, United States District Judge:

On December 16, 2024, *pro se* Plaintiff Michael Bellevue, a pretrial detainee at a Rikers Island facility, filed this action in the United States District Court for the Southern District of New York seeking damages for the alleged violations of his constitutional rights with regard to his pending state court prosecution in Kings County. *See* ECF No. 1 (Complaint). On January 6, 2025, the action was transferred to this Court. *See* ECF No. 7 (Transfer Order). Plaintiff brings this action against the following Defendants: the City of New York (the "City"); Kings County Detective Alan Peratovic; Kings County Judges Adam Perlmutter, Claudia Daniels-DePeyster, and Matthew Sciarrino; Kings County Assistant District Attorney ("ADA") Carly Muth; and criminal defense lawyers Mitchell Salaway and Daniel Stern. The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915. ECF No. 2 (IFP Motion). For the reasons set forth below, the complaint is dismissed against the City, Judge Perlmutter, Judge Daniels-DePeyster, Judge Sciarrino, Carly Muth, Mitchell Salaway, and Daniel Stern. The case shall proceed against Detective Alan Peratovic.

## BACKGROUND

The following allegations are drawn from the "Statement of Claim" section of Plaintiff's form complaint.[1] Plaintiff alleges that all the Defendants engaged "in tortious behavior" that has "resulted in racketeering, fraud, blind-si[d]ing, kidnaping, railroading, extortion" and violations of his First, Fourth, Fifth, Sixth, and Eighth Amendment rights under the United States Constitution. *See* ECF No. 1 at 5.[2] As to Detective Peratovic, Plaintiff alleges that he arrested him "on a cancelled perp Icard [*sic*]," "committed perjury and fraud upon the court," and "lied with his initial on the photo array." *See id.* As to the judges named as defendants, Plaintiff alleges that Judge Sciarrino "illegally indicted [him]," Judge Perlmutter "is in violation in [*sic*] [Plaintiff's] due process and USA constitution rights" because Plaintiff's motions have not been heard or were dismissed, and Judge Daniels-DePeyster "granted a 730 to stop the clock and hid the things they are doing record [*sic*]." *See id.* Plaintiff alleges that the criminal defense lawyers Mitchell Salaway and Daniel Stern "have not represented [him] correctly." *See id.* Plaintiff further alleges that the District Attorney's Office, and specifically ADA Carly Muth, "are and

---

[1] The Court is "required to treat [Plaintiff's] factual allegations as true, drawing all reasonable inferences in favor of Plaintiff[] to the extent that the inferences are plausibly supported by allegations of fact." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021). The Court therefore "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *Id.* The Court cites to pages assigned by the Electronic Case Files System ("ECF").

[2] The Complaint does not contain information about the underlying criminal case. The Court takes judicial notice that, according to New York State records, the incident underlying Plaintiff's arrest occurred on January 15, 2024, and Plaintiff was arrested on January 19, 2024. Plaintiff is charged with, *inter alia*, robbery in the first degree and attempted murder in the second degree. Plaintiff's case is pending in Kings County Supreme Criminal Court, and his next appearance is scheduled for April 3, 2025. *See* Case Information for IND-70606-24/001, https://iapps.courts.state.ny.us/webcivil/ecourtsMain (follow "WebCriminal" hyperlink; follow "Defendant Name" hyperlink; then search for "Michael Bellevue;" follow "Charges" hyperlink).

still malicious in prosecution." *See id.* As to the City of New York, Plaintiff alleges it has "fail[e]d to train there [*sic*] workers correctly." *See id.* Plaintiff seeks damages of twenty-five million dollars. *See id.* at 6.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

However, a district court shall review an *in forma pauperis* action and dismiss it where it finds the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, 28 U.S.C. § 1915A requires the district to review prisoner complaints that seek redress from a governmental entity or an employee of a government entity, and to dismiss any portion of the complaint *sua sponte* if the complaint is "frivolous, malicious,

---

[3] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

3

or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## **DISCUSSION**

Plaintiff's asserted basis for jurisdiction in this case involve violations of his federal constitutional rights.  *See* ECF No. 1 at 2.  Therefore, his claim must be construed as being asserted pursuant to 42 U.S.C. § 1983 because that statute is the vehicle by which individuals may seek redress for alleged constitutional violations.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (Section 1983 "provides a mechanism for enforcing individual rights secured elsewhere, *i.e.*, rights independently secured by the Constitution and laws of the United States."). For the reasons set forth below, the Court finds that the City, Plaintiff's defense counsel, the judges in Plaintiff's state court case, and the ADA are not proper parties to this case.  The case shall therefore proceed only against Detective Alan Peratovic.

### I. Plaintiff's Criminal Defense Counsel

Subject to limited exceptions not applicable here, Section 1983 does not apply to claims against private individuals or organizations.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.").  Here, Plaintiff sues two private defense attorneys.  However, "[i]t is well-settled that private attorneys . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt*, No. 11-cv-5430, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (collecting cases).  Even court-appointed attorneys do not become state actors by virtue of their appointment.  *See Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional

4

functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."); *see also O'Donoghue v. U.S. Soc. Sec. Admin.*, 828 F. App'x 784, 787 (2d Cir. 2020) ("Private attorneys are generally not 'state actors' for purposes of § 1983."). Because Defendants Stern and Salaway were not acting as state actors in their representation of Plaintiff, Plaintiff's claims against them are dismissed for failure to state a claim.

## II.   The City

Plaintiff has not alleged that his injuries resulted from a municipal policy or custom necessary for Section 1983 municipal liability. "To hold the City liable for a constitutional tort under § 1983, the 'execution of [the City's] policy or custom' must 'inflict[] the injury.'" *Persaud v. City of New York*, No. 22-cv-2919, 2024 WL 2159852, at *9 (S.D.N.Y. May 14, 2024) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  Here, Plaintiff fails to allege any facts to demonstrate that the City maintains a policy or practice which led to the deprivation of his rights.  *See Treadwell v. Cty. of Putnam*, No. 14-cv-10137, 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016) (holding that the plaintiff "failed to sufficiently state a *Monell* claim" where the complaint lacked "any specific allegations that could lead to the inference that an official [municipal] policy, practice, or custom caused [p]laintiff's alleged constitutional injuries"). Plaintiff merely alleges that the City "fail[e]d to train there [*sic*] workers correctly." *See* ECF No. 1 at 5.  However, "conclusory allegations that a municipality failed to train and supervise its employees [are] insufficient to state a *Monell* claim." *Rodriguez v. City of Yonkers*, No. 19-cv-02120, 2021 WL 3173642, at *4 (S.D.N.Y. July 27, 2021).  Accordingly, Plaintiff's claims against the City are dismissed for failure to state a claim on which relief may be granted.

### III. Defendants with Absolute Immunity

#### A. Prosecutorial Immunity

Plaintiff's claims against ADA Carly Muth must be dismissed. Prosecutors are entitled to absolute immunity while acting as advocates in the judicial phase of the criminal process. *See Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) ("A prosecutor acting in the role of an advocate in connection with a judicial proceeding is entitled to absolute immunity for all acts intimately associated with the judicial phase of the criminal process."); *see also Pizarro v. United States*, No. 22-cv-2125, 2022 WL 1751167, at *5 (S.D.N.Y. May 31, 2022) (dismissing complaint against AUSAs as frivolous and barred under the doctrine of prosecutorial immunity); *Tigano v. United States*, 527 F. Supp. 3d 232, 243 (E.D.N.Y. 2021) ("Prosecutors performing core prosecutorial functions are entitled to absolute immunity from suit"). Such protected conduct includes when the prosecutor "initiat[es] and pursu[es] a criminal prosecution" and acts undertaken "in preparing for the initiation of judicial proceedings or for trial." *See Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005). The conduct in which Plaintiff alleges that ADA Carly Muth violated his constitutional rights—indicting and prosecuting him—fit squarely within the ambit of her prosecutorial functions. Therefore, she is entitled to absolute immunity and Plaintiff's claim against her is dismissed.

#### B. Judicial Immunity

Plaintiff's claims against Judges Perlmutter, Daniels-DePeyster, and Sciarrino must be also dismissed because they are entitled to judicial immunity. Judges and their supporting personnel have absolute immunity from suits alleging injuries arising out of judicial acts performed in their judicial capacities. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate

assessment of damages."). "Under the doctrine of absolute judicial immunity, judges are subject to suit only for (1) non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or (2) actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Kapsis v. Brandveen*, No. 09-cv-1352, 2009 WL 2182609, at *1 (E.D.N.Y. July 20, 2009). Indeed, judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13. The allegations involving Judges Perlmutter, Daniels-DePeyster, and Sciarrino include indicting Plaintiff, deciding motions, and managing dockets. These actions are all well within the scope of judicial duties. Therefore, the claims against them are barred by absolute judicial immunity and are dismissed.

### IV.    Detective Peratovic

Because Plaintiff asserts that Detective Peratovic arrested him "on a cancelled Perp Icard [*sic*]," *see* ECF No. 1 at 5, "the Court construes the complaint as asserting a false arrest claim under the Fourth Amendment." *See Johnson v. Rose M. Singer Ctr.*, No. 22-cv-2410, 2022 WL 1782171, at *4 (S.D.N.Y. May 31, 2022). The Second Circuit has "frequently reiterated that *sua sponte* dismissal of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Affording the liberal construction a *pro se* complaint is due, the Court declines to *sua sponte* dismiss this claim at this early posture. *See Pietsch v. Marcantonio*, No. 13-cv-4696, 2013 WL 6064204, at *5 (E.D.N.Y. Nov. 18, 2013) ("Although the allegations against P.O. Marcantonio are thin, given Plaintiff's *pro se* status, the Court declines to *sua sponte* dismiss the claims against P.O. Marcantonio at this early stage in the proceeding.").

7

### V.      Leave to Amend

Although district courts typically allow *pro se* plaintiffs an opportunity to amend their complaints, the Court denies leave to amend with respect to all dismissed claims because the nature of the defects in Plaintiff's claims would render any amendment futile.  *See Lewis v. Walsh*, No. 24-cv-00098, 2024 WL 2835269, at *11 (N.D.N.Y. June 4, 2024) (recommending leave to amend be denied where the court recommended dismissing plaintiff's Section 1983 claim against a private attorney), *report and recommendation adopted,* 2024 WL 4689021 (N.D.N.Y. Nov. 6, 2024); *Bliven v. Hunt*, No. 05-cv-4852, 2006 WL 8441551, at *3 (E.D.N.Y. June 7, 2006) ("Defendants['] absolute immunity has been considered a futility sufficient for a court to deny leave to amend a complaint."), *report and recommendation adopted,* 2006 WL 8441552 (E.D.N.Y. June 30, 2006).

### CONCLUSION

For the reasons set forth above, Plaintiff's claims against the City and his criminal defense attorneys are dismissed for failure to state a claim on which relief may be granted.  His claims against Judges Perlmutter, Daniels-DePeyster, Sciarrino, and ADA Muth are dismissed because these individuals are absolutely immune from liability. No summons shall issue as to these Defendants and the Clerk of Court is directed to terminate these parties.

The complaint may proceed against Detective Alan Peratovic, Shield No. 20868, employed by the New York City Police Department's 71st Precinct.  The Clerk of the Court is directed to issue a summons for Detective Peratovic and the United States Marshals Service is directed to serve the summons, complaint and this Order on Defendant Peratovic without prepayment of fees.  The case is respectfully referred to the Magistrate Judge Marcia M. Henry for pretrial supervision.  A copy of this order shall be served on the Special Federal Litigation

Division of the Corporation Counsel.  Plaintiff's application for the Court to request *pro bono* counsel, ECF No. 6, is denied without prejudice.  The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

    */s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       March 18, 2025